IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| STATE OF GEORGIA, <br><br> Plaintiff, <br><br> v. <br><br> JOHN HARVEY, JR., <br><br> Defendant. | CIVIL ACTION NO.: 4:26-cv-009 |

**O R D E R**

*Pro se* litigant John Harvey, Jr., also known as Atali Yuchii, filed a case in the United States District Court for the District of South Carolina, purporting to remove a criminal case, No. SPCR22-01495-J2, from the Superior Court of Chatham County, Georgia, pursuant to 28 U.S.C. § 1455.  (Doc. 1.)   Because Section 1455 permits removal of criminal cases only to "the district court of the United States for the district and division within which such prosecution is pending," 28 U.S.C. § 1455(a), the District of South Carolina transferred the case to this Court.   (See doc. 4.)   Section 1455 requires a district court to which a prosecution is removed to "examine the notice promptly" and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted," summarily remand the case to the State court.   28 U.S.C. § 1455(b)(4).   The Court has reviewed Harvey's Notice and concludes, for the reasons explained below, that removal should not be permitted.   The Court, therefore, **REMANDS** this case to the Superior Court of Chatham County.

As another court has recently explained, "[i]n rare circumstances, 28 U.S.C. §§ 1443(1) and 1455 enable a criminal defendant to remove a state criminal prosecution to federal court." City of Detroit v. William Wilson Stubblefield, II Living Trust, No. 25-13840, 2026 WL 35824,

at * 1 (E.D. Mich. Jan. 5, 2026) (internal quotation marks and citation omitted). "[Section] 1455 governs the procedural requirements in such cases, and [Section] 1443(1) provides the substantive ones." Id. Harvey's pleading does not satisfy either the procedural or the substantive requirements for removal.

Among the procedural requirements imposed by Section 1455 are that the notice must include "a copy of all process, pleadings, and orders served upon such defendant," and "be filed not later than 30 days after the [defendant's] arraignment in the State court," unless he shows "good cause" to file the notice late. 28 U.S.C. § 1455(a), (b)(1). Harvey's Notice attaches a copy of a docket sheet from the Superior Court of Chatham County. (See doc. 1-1, pp. 5–7.) It does not, however, include a copy of any of the process, pleadings, or orders reflected on the docket. (See id.) Moreover, the docket sheet suggests—although it is not entirely clear—that Harvey was arraigned on March 12, 2025. (See id. at p. 6.) Any notice filed pursuant to § 1455, therefore, should have been filed no later than April 11, 2025. Harvey's Notice was filed in the District of South Carolina on December 15, 2025. (See doc. 1.) It was, therefore, filed approximately 250 days out of time and nothing in the Notice indicates *any* explanation for the delay, much less "good cause." (See generally id.) Harvey has, therefore, failed to satisfy § 1455's procedural requirements.

Section 1443 permits removal of criminal prosecutions "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States. . . ." 28 U.S.C. § 1443(1). "A defendant seeking removal must therefore clear two substantive hurdles[: f]irst, the defendant must have been denied a right arising under federal law that provides for specific civil rights stated in terms of racial equality; second, the defendant must be unable to or be denied the opportunity to enforce these specified

federal rights in the courts of the state in question." William Wilson Stubblefield, II Living Trust, 2026 WL 35824, at *2 (internal quotation marks and citation omitted); see also, e.g., Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001) (same).   As the Eleventh Circuit Court of Appeals has explained, the second requirement "must be manifest in a formal expression of state law," with only "a narrow exception" to this existing.  Conley, 245 F.3d at 1296 (citing Georgia v. Rachel, 384 U.S. 780 (1966)) (narrow exception applies only "if the very act of bringing the state court proceedings will constitute a denial of the rights conferred by the federal statute").

The exact basis Havey asserts for removal is, charitably, obscure.   Even if Harvey invoked "a federal law that provides for specific civil rights stated in terms of racial equality," however, there is no indication that he is unable or denied the opportunity to enforce any right in the Superior Court.  Cf. id. at 1298–99 ("As the Supreme Court has made clear, charges that the defendant is unable to obtain a fair trial in a particular state court are insufficient to support removal under § 1443(1)." (internal quotation marks and citation omitted)).   Therefore, even if Harvey's Notice were not fatally procedurally defective—and it is—it is also substantively meritless.

Accordingly, Harvey's prosecution in the Superior Court of Chatham County, State v. Harvey, No. SPCR22-01495-J2, is **REMANDED** to that Court for all further proceedings.  28 U.S.C. § 1455(b)(4).

**SO ORDERED**, this 21st day of January, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA